ABRAM HOLMES, APPELLANT, v. STEPHEN PELLIGRINO, RESPONDENT.

Submitted February 12, 1926—Decided May 17, 1926.

1. Where defendant, the owner of a building in which repairs were being made, furnished planks with which to build a scaffold for the use of an independent contractor, which planks were of the size and character usually used for such construc-

tions, and an employe of the independent contractor was injured by the breaking of one of said planks so furnished and used, it was for the plaintiff (said employe) to establish that the breaking of the plank which resulted in an injury to him was due to some defect in the wood which could have been discovered by inspection in the use of ordinary care.

2. Where such proof is entirely lacking, and the object which caused the injury is not of itself highly dangerous, a judgment of nonsuit is proper.

3. The maxim of *"res ipsa loquitur"* is not applicable to the case under review.

On appeal from the Supreme Court.

For the appellant, *Feder & Rinzler* (*Edward A. Markley,* of counsel).

For the respondent, *Rosenkrans & Rosenkrans.*

The opinion of the court was delivered by

KAYS, J. The plaintiff, Holmes, sued the defendant, Pelligrino, for injuries received by him due to the fall of a scaffold. The facts disclosed by the evidence are as follows:

Holmes was an employe of one Cornelius Schlossman. Cornelius Schlossman had entered into a contract with the defendant, Pelligrino, to construct a ceiling of plaster board in a building owned by the defendant, Pelligrino. This ceiling was about eighteen feet from the floor. In order to nail the plaster board to the ceiling it was necessary to erect a scaffold. Pelligrino, the defendant, brought to the building the planks to be used in the construction of the scaffold, and which were about twelve feet in length and eight inches in width and two inches in thickness. He also brought some wooden horses upon which to place the planks. When these planks and wooden horses were delivered to the building the defendant, Pelligrino, decided that the work should be hastened as much as possible, and told Peter Schlossman, a brother of the contractor, Cornelius Schlossman, and in charge of the work of building the scaffold, to put it up and get it ready so that the employes of Cornelius Schlossman could

begin work, stating that he did not want Cornelius Schloss-man to come there and say that he was holding up the work because the scaffold had not been erected. Peter Schlossman then erected the scaffold. This was done by inserting planks lengthwise from one horse to another and then putting cross-planks over the planks which were laid lengthwise. The plaintiff, Holmes, then went on the scaffold. He worked on it January 16th, 1925, and on January 21st of the same year. While he was at work on the scaffold on said January 21st a plank broke and he fell to the concrete floor, injuring him-self rather severely.

As a result of the accident, Holmes brought suit against the defendant, Pelligrino. Cornelius Schlossman was an independent contractor and had a contract with the defend-ant. Abram Holmes and Peter Schlossman were employes of the said Cornelius Schlossman, the independent con-tractor. The complaint alleges that the defendant failed to use reasonable care to maintain the scaffold in a reasonably safe condition, and should have known that the scaffold was not in a reasonably safe condition for the purpose for which it was intended to be used, and, therefore, that it was the de-fendant's negligence which caused the injury to the plain-tiff. There was no evidence produced on behalf of the plain-tiff as to what defect, if any, existed in the plank to cause the accident. The plaintiff urges that the doctrine of *"res ipsa loquitur"* applies, and cites the following cases: *Van Winkle* v. *American Steam Boiler Co.,* 52 *N. J. L.* 240; *Piraccini* v. *Director-General,* 95 *Id.* 114, and *Heckel* v. *Ford Motor Co.,* 101 *N. J. L.* 385, and several other similar cases.

The defendant, however, claims that there was no breach of any duty owing by the defendant to the plaintiff, citing the case of *Bahr* v. *Lombard, Ayres & Co.,* 53 *N. J. L.* 233, and also the case of *Levendusky* v. *Empire Rubber Manufac-turing Co.,* 84 *Id.* 698. In the last-mentioned case the plain-tiff was injured by the explosion of a machine while he was employed by the defendant, and was walking along a high-way on his way to work. The plaintiff, in that case, offered no other evidence than the mere occurrence of the accident,

and contended that this was sufficient to establish a *prima facie* case. ·

The court, in disposing of a motion for nonsuit in the case under review, held that the duty of the defendant did not go beyond the reasonable inspection of the material that he furnished, and that there was no proof that such a reasonable inspection would have disclosed any defects in the plank. There was nothing in the evidence to show that it was the duty of the defendant to erect the scaffold. As a matter of fact, the scaffold was erected by a fellow-servant of the plaintiff, which fellow-servant was an employe of the independent contractor, Cornelius Schlossman. The most that can be inferred from the testimony is that the defendant supplied the lumber with which to construct the scaffold. It was admitted by the plaintiff that this lumber was of the usual character with which such scaffolds are erected, the plank used being two inches thick and from eight to ten inches wide, and fully capable of sustaining the weight of the plaintiff unless some defect existed therein. The plaintiff admitted that each of these planks used in the construction of the scaffold had sustained his weight on January 16th, and had also sustained the weight of his fellow-servant, Peter Schlossman, who erected the scaffold. The scaffold had been moved about during the progress of the work from one position to another. The plaintiff admitted that he had made no inspection of the planks, and that no one else, as far as he knew, had inspected them.

We are therefore of the opinion that, under the circumstances shown by the evidence in this case, the trial judge ruled correctly in granting a nonsuit.

The thing which caused the accident in this case—that is, the plank, was, of itself, not a highly dangerous instrumentality. The scaffold was not erected by the defendant. Assuming that it was the duty of the defendant to use reasonable care in the furnishing of the planks, it was for the plaintiff to establish that the breaking of the plank was due to some defect in the wood which could have been discovered by inspection in the use of ordinary care. There is no

evidence that the plaintiff attempted to examine the defendant before trial, or that he called for the production of the plank on a bill of particulars, or submitted interrogatories.

In the case of the *Essex County Electric Co.* v. *Kelly,* 57 *N. J. L.* 100, Mr. Justice Magie, in speaking for the Supreme Court, says: "When a servant receives an injury by reason of a latent defect in the appliances with which or the places in which he is employed, to establish the liability of the master the evidence must justify the inference that the master either knew, or, by the exercise of the care and diligence required of him by the rule, might have known of the defect."

It does not seem to us that it was the duty of the defendant to place at the disposal of Cornelius Schlossman planks, every one of which should be perfect, for the making of the scaffold. It was his duty, however, to exercise reasonable care in this respect, and there is nothing to show that reasonable care was not exercised, and the mere breaking of the plank of itself is not sufficient to infer negligence on the part of the defendant. Of course, the plaintiff, as an employe of Cornelius Schlossman, had a claim against him under the Employers' Liability act.

In the case of *Fukare* v. *Kerbaugh,* 72 *N. J. L.* 254, this court said, in a case where a servant was injured by the breaking of a plank on a platform which was used from which to dump cars: "The duty of the master in this connection was to use reasonable care that proper material in sufficient quantities for the construction of this platform be provided, and there being nothing in the evidence to show that there was any failure on his part in this respect, the plaintiff has failed to make out a case for recovery."

We also call attention to *Baldwin* v. *Atlantic City Railroad Co.,* 64 *N. J. L.* 232, and *Atz* v. *Manufacturing Co.,* 59 *Id.* 41.

For the reason, therefore, that the plaintiff failed to show what defect, if any, caused the breaking of the plank, or that the defendant failed to make a proper inspection of the plank, and for the further reason that the maxim of *"res ipsa loqui-*

*tur"* is not applicable to the circumstances in this case, the judgment of nonsuit of the court below is affirmed.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.  13.

*For reversal*—None.